UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:13-cv-317-RJC

IN RE:

RICHARD P. MEABON, and
EVELYN L. MEABON,

       Debtors.

_____

MARTHA MEDLIN, RICHARD P.
MEABON, EVELYN L. MEABON,
RNT INVESTMENTS, LLC,
NANCY TAYLOR MEABON,
MELANIE ANN ELLIOTT,
RICHARD P. MEABON, JR.,
SALLY SHANNON, and
RNT ENTERPRISES, INC.,

       Appellants,

   v.

R. KEITH JOHNSON, Trustee for the
Bankruptcy Estate of Richard P.
Meabon and Evelyn L. Meabon,

       Appellee.

**ORDER**

**THIS MATTER** comes before the Court on Appellants' Notice of Appeal from Bankruptcy Court, (Doc. 1), Appellants' Brief in Support, (Doc. 7), and Appellee's Brief in Response (Doc. 8). The matter is ripe for review.

**I.    BACKGROUND**

On October 1, 1985, Raymond Meabon (settlor) and Nancy Meabon executed an Irrevocable Trust (1985 Trust) in the State of New York. Their son Richard Meabon (debtor)

was designated as the sole beneficiary of the Trust. The Trust named Donald J. Walker as the acting trustee, but he passed away at some time between 1985 and 1991. The Trust named Charles J. Hannum as the successor trustee, however Mr. Hannum never acted in his role as trustee. Significantly, he did not resign and was not removed by any court of competent jurisdiction. Mr. Hannum is believed to be alive but in poor health at present and unable to act as trustee.

Instead, at some time after Walker's death, the debtor's sister, Martha Medlin began acting as Trustee insofar as she has managed the trust corpus, made distributions to beneficiaries and executed Trust tax returns. The 1985 Trust is silent as to whom should succeed Mr. Hannum as trustee, or the procedure for appointing a subsequent trustee. She acted with the tacit approval of the settlors, although the trust was not amended to name Ms. Medlin as trustee. The language of the 1985 Trust provides that the trustee shall pay the settlors, in quarterly installments, all of the trust income from the trust estate. Further, the Trust provides that the trustee shall have the authority to determine what constitutes principal, net income, and gross income under the terms of the trust.

On February 23, 2010, Richard Meabon and Evelyn Meabon (debtors) filed a voluntary Chapter 7 case (No: 10-30455) in the Bankruptcy Court of this district. Two years later, in February 2012, Settlor Raymond Meabon was hospitalized for congestive heart failure. On March 1, 2012, Medlin liquidated all of the assets of the trust to produce approximately $426,000. On the same day, Medlin transferred the funds to a trust account for Raymond Meabon held by Branch Banking and Trust Company. On the same day, Medlin transferred cash in the amount of approximately $426,507.30 – the balance of the trust corpus – into the

checking account of Raymond Meabon. On March 5, 2012, Raymond Meabon transferred approximately $425,000 from his checking account into an account of RNT Investments, LLC. RNT Investments, LLC is a North Carolina Limited Liability Corporation formed on March 2, 2012, the members of which are Nancy Taylor Meabon and Melanie Ann Elliott.

On March 20, 2012, settlor passed away. On May 4, 2012, the Bankruptcy Court entered an order to freeze the RNT Investments bank account containing the transferred funds.

On May 15, 2012, Appellee filed a Complaint seeking to have Medlin declared not to be the rightful trustee and to avoid the March 2012 transfer to Raymond Meabon. On February 22, 2013, the Bankruptcy Judge granted summary judgment for Appellee, which this Court now reviews.

## II.    STANDARD OF REVIEW

Bankruptcy courts are federal courts of limited jurisdiction, whose jurisdiction is defined by 28 U.S.C. §§ 157(b) and 1334. The former authorizes bankruptcy courts to hear core proceedings. For non-core proceedings, § 157(c) provides authority for bankruptcy to hear the proceeding if it is "otherwise related to a case under Title 11." In such cases, the bankruptcy judge is limited to issuing findings of fact and conclusions of law, which the district court reviews de novo before determining whether to grant a final order. See Celotex Corp. v. Edwards, 514 U.S. 300, 321-22 (1995).

Under rule 7008(a) of the Federal Rules of Bankruptcy Procedure, a complaint in an adversary proceeding before a bankruptcy judge shall contain a statement whether the proceeding is core or non-core. Here, the Appellee's complaint states that it is a "core proceeding" but fails to provide a reference to any portion of the bankruptcy code to support

3

such conclusion. Further, the rules require the pleading to contain "a reference to the name, number, and chapter of the case under the Code to which the adversary proceeding relates. . . ." FED. R. BANKR. P. 7008(a). As Plaintiff, the Appellee did not provided the Court a section of the bankruptcy Code other than to note that the adversary proceeding relates to a declaratory judgment under FED. R. BANKR. P. 7009.

This notwithstanding, the Court finds the matter at issue to be a core proceeding. Title 28 U.S.C. § 157(b) provides that bankruptcy judges may hear and determine all cases under Title 11, all core proceedings arising under Title 11, or arising in cases under title 11 that are referred by the district court. "Arising under" jurisdiction in bankruptcy cases extends to "those cases in which a well-pleaded complaint establishes either that federal [bankruptcy] law creates the cause of action or that plaintiff's right to relief necessarily depends on resolution of a substantial question of federal [bankruptcy] law." Franchise Tax Bd. v. Construction Laborers Vacation Trust, 463 U.S. 1, 27-28 (1983). Although no specific section of the bankruptcy code was cited by the Plaintiff (Appellee) in his complaint, the facts alleged demonstrate that relief turned in large measure on a substantial question of bankruptcy law: namely, determining whether a vested remainder in a trust belongs as part of the bankruptcy estate under 11 U.S.C. § 541. See In re Johnson, 960 F.2d at 406. ("Clearly, the only proper forum for determining whether assets held by a debtor are held in constructive trust is the bankruptcy court, and such proceedings must be considered core proceedings.") Accordingly, the case arises under Title 11 and is core by nature.

Following the Supreme Court's decision in Stern v. Marshall, the Court must not only determine whether a claim is statutorily core, but whether the bankruptcy court possesses the Constitutional authority to enter a final order in the matter. 131 S. Ct. 2594 (2011). Following

4

Stern, courts in this circuit have considered additional factors, including: (1) whether the action stems from the bankruptcy itself; and, (2) whether the issue would be "necessarily resolved" in the claims allowance process. See In re Somerset Properties SPE, LLC, 2012 WL 3877791, at *4 (Bankr. E.D.N.C. Sept. 6, 2012); In re The McAlpine Group, LLC, 2012 WL 6138195, at 4- (Bankr. W.D.N.C. Dec. 11, 2012).

This case satisfies the Stern factors. The action stems from the bankruptcy insofar as the case involves an attempt by a trustee to ascertain the extent of the debtor's property that must be turned over to the trustee under Title 11. Second, the ownership interest in the vested remainder of the 1985 Trust is an issue that would be necessarily resolved in the claims allowance process. For these reasons, the matter is core and the bankruptcy judge possesses the constitutional authority to enter a final judgment in the matter.

Accordingly, the Court reviews the summary judgment order as an appeal from the bankruptcy court. Federal district courts are empowered to "hear appeals from final judgments, orders, and decrees . . . and with leave of court, from interlocutory orders and decrees, of bankruptcy judges. . . ." 28 U.S.C. § 158(a). When considering an appeal from the bankruptcy court, the district court must accept the bankruptcy court's findings of fact unless they are clearly erroneous. Johnson, 960 F.2d at 399. Stated differently, decisions as to fact "made in the exercise of a bankruptcy court's discretion will not be set aside unless there is plain error or abuse of discretion." In re Suthers, 173 B.R. 570, 572 (Bankr. W.D.Va. 1994) (internal citations omitted). District courts review de novo a bankruptcy court's conclusions of law. Johnson, 960 F.2d at 399.

Summary judgment in bankruptcy proceedings is governed by Federal Rule of

5

Bankruptcy Procedure 7056, which incorporates Rule 56 of the Federal Rules of Civil Procedure. In re Bernstein, 197 B.R. 475, 477 (Bankr. D.Md. 1996). Summary judgment is proper where the materials in the record demonstrates that there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(c). The Court construes all inferences in favor of the non-moving party. A genuine issue of material fact exists where "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

### III. ANALYSIS

#### A. Findings of Fact

The bankruptcy judge made several findings of fact. He found that the 1985 Trust was an irrevocable trust, (Doc. 1-1: Findings of Fact ¶36), that Donald Walker was the initial trustee of the 1985 trust, (Id. ¶10), and that Charles J. Hannum became acting trustee upon Walker's death. (Id. ¶11). He found that Hannum did not resign as substitute trustee; nor was he removed by any court of competent jurisdiction. (Id. ¶¶12, 33). The bankruptcy judge found that Ms. Medlin, despite request by subpoena, failed to produce any documentation to establish that she was the lawful and valid trustee under the 1985 Trust. (Id. ¶14). The bankruptcy judge found that the bankruptcy estate was the lawful owner of the remainder interest in the 1985 trust and that the trustee owed certain fiduciary duties to the bankruptcy estate. (Id. ¶¶16, 17). Additionally, the bankruptcy court found that the terms of the 1985 trust directed the trustee to disburse the principal and remaining corpus of the trust to the bankruptcy estate. (Id. ¶17). Finally, the Bankruptcy Judge found that no valid actions were taken in compliance with New York Law to either amend or revoke the 1985 Trust. (Id. ¶35).

The Court has reviewed the fact findings of the bankruptcy court, finds them supported by the evidentiary record and adopts them as its own. The Court reviews the conclusions of law de novo.

B.    Conclusions of Law

The Bankruptcy Judge concluded that Ms. Medlin did not have authority to act as trustee under New York Law, specifically N.Y. Est. Powers & Trust Law (hereinafter N.Y. E.P.T.L.) § 7-2.6(a), which governed the 1985 trust. (Doc. 1-1: Conclusions of Law ¶3). He also concluded that the 1985 Trust was an irrevocable trust and could only be revoked or amended upon compliance with N.Y. E.P.T.L. § 7-1.9, (Id. ¶7), and that none of the parties having an interest in the 1985 Trust complied with such law in causing revocation, amendment or cancellation of the trust. (Id. ¶8). Additionally, the bankruptcy judge concluded that a revocation by the parties of the 1985 Trust required the consent of the remainder interest, which was owned by the bankruptcy estate following the filing of the bankruptcy case, and that the parties failed to obtain such consent. (Id. ¶9). Accordingly, the bankruptcy judge concluded that upon the termination of the trust on March 20, 2012, the remainder interest in the trust assets became the sole and exclusive property of the bankruptcy estate, to the exclusion of any other persons claiming an interest in such assets. (Id. ¶13). Finally, the Bankruptcy Judge found that Martha Medlin, in liquidating the trust corpus and transferring it to her father, violated the fiduciary duties of a trustee insofar as these actions were unreasonable, were not made in good faith, and were an abuse of any power she held as trustee. (Id. ¶16). Accordingly, the liquidation of trust assets and transfer to Raymond Meabon was void. (Id. ¶10). The Court reviews the Bankruptcy Judge's Conclusions of Law de novo.

7

Appellants lodge several objections to the Bankruptcy Judge's order. Specifically, Defendants contend that (1) the entry of summary judgment was improper as material questions of fact exist; (2) that Martha Medlin had authority to act as trustee; and, (3) Martha Medlin did not breach any fiduciary duties with her actions. Appellants contend that a confluence of legal precedents support their position. First, they cite to the fact that a trust will not fail under New York law for want of a trustee. See Matter of Thomas, 172 N.E. 513 (N.Y. 1930). Appellants argue that the doctrine of constructive trust applies to recognize Medlin as the appropriate trustee. Finally, Appellants cite to Gould v. Gould, 197 N.Y.S. 515 (N.Y. 1922) in arguing that the provisions of N.Y. E.P.T.L. § 7-2.6 are permissive but not exclusive. Reading these precedents together, Appellants contend that Medlin possessed the authority to act as trustee and that her actions were not in contravention of either the express terms of the 1985 Trust or New York law.

Title 11 U.S.C. § 541(a)(1) provides that upon the filing of the bankruptcy claim by debtor Raymond Meabon on February 23, 2010, the bankruptcy estate included all legal and equitable interests of the debtor in property as of that date. Section 541(c)(2) allows a bankruptcy trustee to enforce a "restriction on the transfer of the beneficial interest of the debtor in a trust that is enforceable under applicable nonbankruptcy law. . . ." Here, both parties agree that New York law governs the 1985 trust and that the relevant issue for appeal is whether the liquidation and transfer of the assets in the 1985 Trust by Martha Medlin comported with New York law and the terms of the trust.

An "irrevocable trust" has been defined as "[a] trust that cannot be terminated by the settlor once it is created." Black's Law Dictionary 1651 (9th ed. 2009). Section Four of the

1985 trust provides that "[t]his trust shall be irrevocable and shall not be revoked or terminated by the trustors or any other person, nor shall it be altered or amended by the trustors or any other person." (Doc. 6-1: Adversary Proceeding No. 11-03187, Section Four). Further, the 1985 Trust directs that upon the death of the settlors, "the trustee shall pay over and dispose of the trust estate to Richard Meabon . . . ." (Id., Section Two).

Section 7-1.9 of New York Estates Powers and Trusts Law governs the revocation of irrevocable trust by a settlor. In pertinent part, § 7-1.9(a) provides that:

> [u]pon the written consent, acknowledged or proved in the manner required by the laws of this state for the recording of a conveyance of real property, of all the persons beneficially interested in a trust of property, heretofore or hereafter created, the creator of such trust may revoke or amend the whole or any part thereof by an instrument in writing acknowledged or proved in like manner, and thereupon the estate of the trustees ceases with respect to any part of such trust property, the disposition of which has been revoked.

N.Y. E.P.T.L. § 7.1-9(a).

The statute indicates clearly that written consent is required by any party designated as having a beneficiary interest in the trust in order to revoke the trust. Here, the evidentiary record is clear that no person possessing a beneficiary interest supplied written consent for the revocation or cancellation of the 1985 Trust. Neither the bankruptcy trustee nor Richard Meabon provided written consent for the liquidation and revocation of the trust. Absent an express, unrestricted power of revocation, which must be accomplished as per its terms and conditions, a settlor generally loses control of the trusts property and is unable to effect a revocation. See In re Rubin, 160 B.R. 269, 276 (Bankr. S.D.N.Y. 1993) (analyzing N.Y. E.P.T.L. § 7-1.9).

New York Estate Powers and Trusts Law § 7-2.4 provides that where a trustee acts in contravention of the express terms of the trust, "every sale, conveyance or other act of the trustee

9

in contravention of the trust . . . is void." N.Y. E.P.T.L. § 7-2.4. Here, the actions of Martha Medlin were in direct contravention of both New York law and the terms of the trust and are void.

Finally, section 7-2.6 allows for the removal of a trustee in two instances, (1) through discharge of the New York Supreme Court upon application of the trustee; and, (2) through removal by the New York Supreme Court upon application of any person interested in the trust estate. See N.Y. E.P.T.L. § 7-2.6. Likewise, the evidentiary record is clear that no application was made by any party to the New York Supreme Court to have Charles Hannum removed as trustee or to have Martha Medlin appointed as his replacement. "The removal of a trustee is a drastic action not to be undertaken absent a clear necessity." Hoopes v. Bruno, 513 N.Y.S.2d 301 (1987). An individual seeking removal bears the burden of demonstrating that the trustee has violated or threatens to violate his trust or is otherwise unsuitable to execute the trust. See In re Trust made by Giles, 902 N.Y.S.2d 717, 720-21 (2010) (citing N.Y. E.P.T.L. 7-2.6).

Accordingly, the Court finds no basis under New York law authorizing Medlin to act as trustee or to take actions effectively liquidating the trust without the written consent of the beneficiaries, including the bankruptcy trustee.

The Court is likewise not swayed by arguments that Medlin was acting as trustee for a constructive trust. The facts attesting to the existence of a constructive trust are not present in this case. The usual elements of a constructive trust are: (1) a confidential or fiduciary relationship, (2) a promise, (3) a transfer in reliance thereon, and (4) unjust enrichment. O'Brien v. Dalessandro, 843 N.Y.S.2d 348, 349 (2007). Likewise, the Court need not address Appellants contention that a declaration that Medlin was not proper trustee would require the Court to

determine the validity of all actions taken by her since 1991 with respect to the 1985 Trust. Those actions are not before the Court. No party has contested them. Sufficient for this case, are the issues thereof.

For the reasons stated above, the Court finds no error in the Bankruptcy Judge's conclusion that Charles Hannum was the proper trustee of the 1985 Trust, that he was not properly removed under New York law, that Martha Medlin lacked authority under New York law to act as trustee, that the vested interest of Richard Meabon became property of the bankruptcy estate upon the filing of his bankruptcy claim, and that the liquidation of the 1985 Trust required the written consent of the bankruptcy estate. Accordingly, the Court finds no genuine issue of material fact as to these questions and finds that the entry of summary judgment by the bankruptcy court was proper.

## IV. CONCLUSION

**IT IS, THEREFORE, ORDERED** that:

1. The Bankruptcy Court's entry of Summary Judgment is **AFFIRMED**.
2. The clerk of court is directed to close this case.

Signed: March 28, 2014

Robert J. Conrad, Jr.
United States District Judge